# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| FIRST INSURANCE FUNDING, etc., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION 18-0038-WS-M |
| | ) |
| SHEILA EDDINS, etc., et al., | ) |
| | ) |
| Defendants. | ) |

## ORDER

This matter is before the Court on the plaintiff's motion for prejudgment attachment. (Doc. 4). The plaintiff invokes Alabama Rule of Civil Procedure 64(b), by way of Federal Rule of Civil Procedure 64(a).

The defendants are Eddins Corporation ("Eddins"), Sheila Eddins ("Sheila"), and Billy Eddins ("Billy"). The amended complaint, (Doc. 8), asserts that Eddins (an insurance agency) received from the plaintiff (an insurance premium finance lender) almost $2 million in 2017 and that it now appears that in many cases there was in fact no underlying insured and/or insurance carrier to which Eddins forwarded the funds received from the plaintiff. The amended complaint further asserts that Eddins' bank accounts contain only about $25,000. The amended complaint additionally asserts, on information and belief, that Sheila (the president of Eddins) absconded with these funds, transferring them from Eddins' account to her personal accounts. The amended complaint further asserts that Sheila "may have" transferred some of the disputed funds to accounts owned by Billy.

The plaintiff's motion seeks to attach 21 listed bank accounts. The plaintiff states in its motion that "[t]his account information comes from various accounts that Defendants submitted as belonging to insureds. Upon further investigation,

[the plaintiff] discovered that these accounts most likely belong to defendants."
(Doc. 4 at 5). For this proposition, the plaintiff relies on the declaration of its executive vice president. (*Id*.). The declarant states as follows:

> Based on its investigation into accounts where the Agency made payments to [the plaintiff] purportedly on behalf of an insured, [the plaintiff] was able to identify numerous accounts that it believes are owned by Sheila Eddins, Billy Eddins, or the Agency. [The plaintiff] believes that some of its funds that Ms. Eddins, Mr. Billy Eddins, and/or the Agency absconded with may be contained in these accounts.

(Doc. 4-1 at 3).

To trigger the remedy of pre-judgment attachment, Rule 64(b) requires the filing of an affidavit containing certain information, including "[a] statement that the plaintiff is the owner of the claimed property or is entitled to possession of it …." Ala. R. Civ. P. 64(b)(1)(B). The declaration quoted above contains no such statement. Instead, the declarant asserts that, through a process the contours of which are unexplained, the plaintiff identified 21 accounts where it "believes" that some of its funds "may be" contained. These hedging words would appear to fall far short of the definitive "is" that Rule 64(b)(1)(B) requires. Moreover, "[t]he affidavit … must be based on personal knowledge except where information and belief is permitted by ARCP 64(b)(1)(C) dealing with the cause of wrongful detention …." *Id*. committee comments. It seems doubtful that a declaration limited to the declarant's "belie[f]" could satisfy the personal knowledge requirement. Certainly the plaintiff has not explained how its qualified suspicion satisfies the rule.

The Court's reluctance to find Rule 64(b)(1)(B) satisfied is heightened by events since the filing of the plaintiff's motion. The plaintiff has, with admirable integrity, supplemented its motion in order to withdraw the motion as to 15 of the 21 accounts listed therein, on the grounds that it "has recently learned information that makes it suspect that certain accounts listed in its request for prejudgment attachment may not be owned by Defendants." (Doc. 9 at 1). That the plaintiff

2

concedes its error as to over 70% of the accounts it originally listed does not instill confidence as to the remaining 30%.

"[P]arties seeking to have the trial court seize an opposing party's assets must strictly comply with Rule 64 …." *Norman v. Occupational Safety Association*, 811 So. 2d 492, 502 (Ala. 2001). This includes the requirement that an affidavit provide the information required by Rule 64(b)(1). *Id*. On the present record and argument, the Court cannot conclude that the plaintiff has complied with the affidavit requirement.

The plaintiff seeks issuance of a writ of seizure without a hearing or, failing that, after a hearing. (Doc. 4 at 4). The plaintiff has not attempted to show that it may obtain a hearing under Rule 64(b)(2) without first satisfying the affidavit requirement under Rule 64(b)(1), and *Norman* indicates this is not sanctioned. *See* 611 So. 2d at 501 ("The procedure a party *must follow* to have the trial court seize the property of an opposing party is set forth in Rule 64(b)(1) ….") (emphasis added).

For the reasons set forth above, the plaintiff's motion for prejudgment attachment is **denied**, without prejudice to the plaintiff's ability to seek such relief upon a proper showing.[1]

DONE and ORDERED this 16th day of February, 2018.

s/ WILLIAM H. STEELE<br>UNITED STATES DISTRICT JUDGE

---

[1] The Court does not warrant that curing the noted deficiency in the declaration will of itself resolve all issues with the plaintiff's motion. The Court notes, for example, that the file fails to reflect that Sheila and Billy have received notice of the motion. (Docs. 5, 6). Nor does the motion satisfactorily address the existence or parameters of any bond requirement. Nor has the plaintiff demonstrated that the affidavit requirement may be satisfied by a declaration.